UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

JUAN RESTREPO, and other similarly situated individuals,

        Plaintiff(s),

v.

MOBILE AUTO REPAIR, INC., RAYMOND TORRES, and ESPERANZA TORRES,

        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff JUAN RESTREPO (the "Plaintiff") and other similarly situated individuals sue defendants MOBILE AUTO REPAIR, INC., RAYMOND TORRES, and ESPERANZA TORRES (collectively, the "Defendants") and allege:

### JURISDICTION AND VENUE

1. This is an action to recover money damages for unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. MOBILE AUTO REPAIR, INC. (the "Corporate Defendant"), RAYMOND TORRES and ESPERANZA TORRES (the "Individual Defendants"), are a Florida Profit

**SAENZ & ANDERSON, PLLC**
20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180    Facsimile: 888.270.5549

Corporation and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for the Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

4. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5. At all times material, the Plaintiff was employed by the Defendants as a roadside assistance worker from approximately October 6, 2016, through January 7, 2022.

6. At all times relevant, Plaintiff was not an exempt employee of the Defendants.

7. At all times relevant, Plaintiff was not an independent contractor of the Defendants.

8. Plaintiff was paid a weekly salary of $600 per week plus around $100 extra in "bonuses" or "commissions."

9. On average, Plaintiff worked for the Defendants anywhere from 70-80 hours per week.

10. Defendants did not pay Plaintiff overtime.

11. Subject do discovery, Plaintiff believes that in some weeks Defendants did not properly pay him minimum wages either. Specifically, if in some weeks Plaintiff was only paid approximately $600, and if in these weeks he worked 80 hours per week, his regular rate would be 600/80 = $7.5 per hour, which is below the Florida minimum wage.

12. All conditions precedent to bringing this action have occurred, been performed or been excused.

13. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

### COUNT I: VIOLATION OF THE FLSA AGAINST THE CORPORATE DEFENDANT (UNPAID OVERTIME WAGES)

14. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

15. Plaintiff is a covered employee for purposes of the Act.

16. This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

17. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

19. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida

sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

20. The annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

21. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a company engaged in the business of providing roadside assistance to AAA customers.

22. Corporate Defendant, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a roadside assistance worker for the Corporate Defendant's business.

23. While employed by the Corporate Defendant, the Plaintiff went to provide roadside assistance to all of the Defendants' customers and in doing so he worked approximately an average of 70-80 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a road side assistance worker performing the same or similar duties as that of those other similarly situated

road assistance workers whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

24. Plaintiff worked for the Corporate Defendant approximately 144 compensable weeks under the Act, or 144 compensable weeks if counted 3 years back from the filing of the instant action.

25. The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

26. Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his unpaid overtime wages is as follows[1]:

    a. Actual Damages: $21,600

        i. Calculation: $10.00 (average hourly wage rate) x .5 (overtime rate) x 30 (weekly overtime hours) x 144 (compensable weeks) = $21,600

    b. Liquidated Damages: $21,600

    c. Total Damages: $43,200 plus reasonable attorneys' fees and costs of suit.

27. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in

---

[1] Discovery may reveal that Plaintiff is also owed unpaid minimum wages and that in some weeks he was paid more than $700 per week. If needed, Plaintiff will amend his damages calculations.

the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

28. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

29. The Corporate Defendant willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

30. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request this Honorable Court:

a. Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award the Plaintiff an equal amount in double damages/liquidated damages; and

d. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: VIOLATION OF THE FLSA AGAINST THE INDIVIDUAL DEFENDANTS (UNPAID OVERTIME WAGES)

31. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. The Plaintiff is a covered employee for purposes of the Act.

33. At the times mentioned, the Individual Defendants were, and are now, the owner and/or officer of the Corporate Defendant. The Individual Defendants were an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including the Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided the Plaintiff with his work schedule, and are jointly liable for the Plaintiff's damages.

34. Mr. Torres was in charge of running the Corporate Defendant, he set Plaintiff's schedule, he directed the work of Plaintiff, he advised Plaintiff on what customers to serve, what routes to take, and he set Plaintiff's salary and bonus/commission compensation package. Ms. Torres was involved in the day-to-day functions of the Corporate Defendant, approved and signed

Plaintiff's paychecks, calculated Plaintiff's weekly pay, and approved how much Plaintiff was to receive in every paycheck.

35. Mr. Torres is and was at all times relevant a person in control of the Corporate Defendant's financial affairs, could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act, and had operational control of the Corporate Defendant.

36. Mr. Torres willfully and intentionally caused the Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

37. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award the Plaintiff an equal amount in double damages/liquidated damages; and

d. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

## **JURY DEMAND**

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: April 7, 2022.

>Respectfully submitted,
>
>By: /s/**Aron Smukler**
>Aron Smukler, Esquire
>Fla. Bar No.: 0297779
>Email: asmukler@saenzanderson.com
>
>R. Martin Saenz, Esquire
>Fla. Bar No.: 0640166
>Email: msaenz@saenzanderson.com
>
>SAENZ & ANDERSON, PLLC
>20900 NE 30th Avenue, Ste. 800
>Aventura, Florida 33180
>Telephone: (305) 503-5131
>Facsimile: (888) 270-5549
>*Counsel for Plaintiff(s)*